# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Maxine Massey, as Personal Representative for the Estate of the Decedent Thurston Massey, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No.: 9:16-cv-03478-JMC |
| v. | ) ) | **ORDER** |
| County of Orangeburg and South Carolina Department of Public Safety, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on Plaintiff Maxine Massey's ("Plaintiff") motion and petition, as Personal Representative for the Estate of the Decedent Thurston Massey, seeking approval of a proposed settlement of a wrongful death and survival claim against the County of Orangeburg and South Carolina Department of Public Safety ("Defendants"). (ECF No. 33.) The court held a hearing on October 31, 2017, in regard to the settlement agreement between Plaintiff; Plaintiff's counsel, Daniel S. Haltiwanger; Defendant's counsel for the County of Orangeburg, Norma A.T. Jett; and Defendants counsel for the South Carolina Department of Public Safety, David A. DeMasters. Upon review of the motions, petitions, testimony, filings, and other information provided both before and after the hearing, the court approves this settlement, bars any further claims against Defendants, and this action is dismissed with prejudice.

## FACTUAL ALLEGATIONS AND FINDINGS

1. Plaintiff is the mother and duly appointed Personal Representative of the Estate of Thurston Massey, having been so appointed by the Orangeburg County Probate Court.

2. On or about October 21, 2013, Decedent Thurston Massey died of hypovolemic shock in the Orangeburg County Detention Center. On September 15, 2016, Petitioner filed this action in the Orangeburg County Court of Common Pleas, asserting wrongful death and survival claims under 42 U.S.C. § 1983, negligence and gross negligence, for the benefit of the Estate and the statutory beneficiaries of Thurston Massey. The case was removed to this court on October 25, 2016. This court has jurisdiction to determine the instant Petition.

3. All Defendants answered the Complaint and vigorously contested Plaintiff's allegations and assertion of liability. Defendants did not admit fault or liability. The parties engaged in extensive discovery. The dispute was mediated on September 14, 2017, and the parties were successful in reaching a mediated settlement agreement. As a result of this agreement, Plaintiff has previously stipulated the dismissal of all Defendants except the County of Orangeburg and the South Carolina Department of Public Safety.

4. The parties have now agreed to settle all remaining claims in this action for the aggregate amount of Three Hundred Thousand Dollars ($300,000.00), inclusive of attorney's fees and costs. $50,000.00 is being paid on behalf of the South Carolina Department of Public Safety and $250,000.00 is being paid on behalf of Orangeburg County. Plaintiff desires to apportion the entire settlement to the claims alleged under 42 U.S.C. § 1983 against Defendants.

5. Plaintiff asserts there are no known creditors of the Estate and there are no outstanding claims or liens against the Estate.

6. Thurston Massey died on October 21, 2013 unmarried and without children. Mr. Massey did have a partner, Allen Milburn, though they remained unmarried. Thus, the statutory beneficiaries of Decedent are his parents.

7. Plaintiff has been advised of the nature and effect of this settlement, and is

satisfied with the services and explanations provided by her attorneys.

8.  Plaintiff fully understands that upon the court's approval of this settlement Defendants will be fully and finally released, discharged, and this action will be forever ended.

9.  Plaintiff and her attorneys believe this settlement to be fair and reasonable and in the best interests of the statutory beneficiaries.

## THE COURT'S RULING

Based upon the fact that the court has reviewed the Verified Petition; and conducted a settlement hearing on October 31, 2017, where the court was able to question Plaintiff and counsel for both parties, the court finds the settlement as outlined above and in the Petition to be reasonable and appropriate for this case, and

**IT IS HEREBY ORDERED:**

A.  In light of the facts and circumstances, the proposed settlement is fair, equitable, and in the best interests of the Estate of Thurston Massey, and is, therefore, approved pursuant to S.C. Code § 15-51-42 (2017).

B.  Plaintiff, in her capacity as Personal Representative of the Estate of Thurston Massey, is hereby authorized and directed to receive the settlement proceeds and to execute any releases or other necessary documents to fully and finally release all named Defendants and their insurance carriers from all further liability and obligation in relation to this matter.

C.  The beneficiaries' portion of the settlement shall be administered and disbursed by Plaintiff according to the law and directives of the Orangeburg County Probate Court. The Personal Representative is authorized to disburse, upon the filing of this Order, the portion of the settlement allocated to attorney fees, in the amount of Fifty Thousand ($50,000.00) Dollars to Edenfield Law and Fifty Thousand ($50,000.00) Dollars to Richardson, Patrick, Westbrook &

Brickman, LLC, for a total of One Hundred Thousand Dollars ($100,000.00) Dollars in attorney's fees, plus costs, as follows: Six Hundred Seventy-Seven and 12/100 ($677.12) Dollars to Richardson, Patrick, Westbrook & Brickman, LLC; Seventeen Thousand Six Hundred Fifty-Five and 08/100 ($17,655.08) Dollars to Thomas & Haltiwanger, LLC; Seventeen Thousand Six Hundred Seven and 04/100 ($17,607.04) Dollars to Edenfield, Cox, Bruce & Classens; and Two Thousand Five Hundred Twenty-One and 72/100 ($2,521.72) Dollars to Hull Barrett, P.C. The remaining proceeds, in the amount of One Hundred Sixty-One Thousand Five Hundred Thirty-Nine and 04/100 ($161,539.04) Dollars, shall be disbursed to Maxine Massey, as Personal Representative of the Estate of Thurston Massey, for application and payment according to law.

D. The motion for a hearing and petition to approve the settlement (ECF Nos. 32 and 32-1) are hereby granted and the settlement is **APPROVED** with this claim being forever barred against Defendants and this action is **DISMISSED** with prejudice in its entirety.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 7, 2017
Columbia, South Carolina